426 So.2d 1072 (1983)
Louis E. SOUSA, Appellant,
v.
George F. PALUMBO, Arthur King and Bryan Phegley, Appellees.
George F. PALUMBO, Arthur King and Bryan Phegley, Appellants,
v.
Louis J. SOUSA, Appellee.
Nos. 81-1984, 81-2344.
District Court of Appeal of Florida, Fourth District.
January 26, 1983.
Rehearing Denied March 3, 1983.
*1073 David E. Horvath of Gorman & Horvath, North Palm Beach, for appellee-appellant, Louis E. Sousa.
Leo Greenfield of Greenfield & Duval, North Miami, for appellees-appellants, George F. Palumbo, Arthur King and Bryan Phegley.
PER CURIAM.
The appellant filed an action for specific performance of a stock purchase agreement. The trial court held that the contract was unenforceable against the appellees because the contract was only executed by three of six stockholders and the contract was conditioned upon execution by all six before it became enforceable. We affirm this holding. However, the trial court also denied appellees attorneys' fees under a provision of the contract which provided:
In any action to enforce or interpret the rights or obligations of the parties, the prevailing party shall be entitled to recover all costs incurred, including a reasonable attorney's fee in addition to any other remedy to which he may be entitled.
The appellant's action was clearly one seeking "to enforce or interpret the rights or obligations of the parties" since such action sought an interpretation of the contract by which it would be enforceable severally against each stockholder executing the contract, each of the appellees having done so. Upon prevailing against appellant's action the appellees were entitled to fees and costs. Furthermore, in our view, the appellees should not be estopped to invoke this provision because they claimed in defense that there was no enforceable contract. To estop the appellees in such cases is to ignore the plain meaning of the attorneys' fee provision that provides for fees and costs to the prevailing party. Indeed, if anyone should be estopped it should be the appellant who claims that the agreement is valid and enforceable against the appellees, but seeks to deny validity and enforceability of the attorneys' fee provision. The trial court rejected appellant's "interpretation" of the contract and refused "to enforce" the contract against appellees because it accepted appellees' "interpretation."
For an analogous situation involving a statute, see Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982) and Brown v. Gardens By The Sea, 424 So.2d 181 (Fla. 4th DCA 1983).
We reverse the decision denying attorney fees to appellees and remand for further proceedings consistent herewith.
Affirmed in part; reversed in part; and remanded.
ANSTEAD, HERSEY and WALDEN, JJ., concur.