PER CURIAM.
This appeal is brought from a final judgment after a non-jury trial where the trial court found that the sellers had not communicated notice of their acceptance of buyers’ offer within the time specified in the contract and ordered a return of the buyers’ deposit. We affirm.
The communication required in order to effect acceptance of an offer to buy is not satisfied where the document which constitutes the sole means of acceptance is still in the hands of the sellers’ agent after the time for acceptance has expired. See Kendel v. Pontious, 261 So.2d 167 (Fla.1972) (an acceptance which only remains in the breast of the acceptor without being communicated to the offeror is not a binding acceptance).
By separate motion appellees claim an entitlement to attorney’s fees on the basis that the contract out of which this dispute arises provides that:
In connection with any litigation ... arising out of this contract, the prevailing party shall be entitled to recover reasonable attorney’s fees and costs.
Where an entitlement to attorney’s fees rests solely on a “contract” which is found to have never existed, an award of fees is precluded. Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983).[1]
The judgment appealed is AFFIRMED; the motion for attorney’s fees is DENIED.

. Our decision in Leitman v. Boone is contrary to the holding of Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983).