PER CURIAM.
The issue in this appeal is whether the contract between the parties was so ambiguous as to require interpretation by the trial court. We think it was not, and reverse, with instructions.
We have reviewed the agreement and addendum between the parties and find no meaningful conflicts or ambiguities. *580 With regard to Maley’s contention that the pro-rata replacement clause means Balto was merely entitled to a credit for clients no longer with the business, we think that interpretation is not supported by the plain language of the agreement. While that provision, and others relating to contingent reductions in the purchase price, impose harsh consequences on the seller due to an unexpected large-scale departure by the clients, it is not the duty of this court to relieve a party from the hardship of an improvident bargain. Simpson v. Young, 369 So.2d 376 (Fla. 1st DCA 1979).
Consequently, we reverse and remand this cause, with instructions that the trial court determine the revised purchase price, based upon a reduction equal to the annual billing of each client that departed during the first year, and award the proper sum to the appropriate party.
DOWNEY, LETTS and HURLEY, JJ., concur.