PER CURIAM.
This is an appeal from a postjudgment order which denied appellant’s motion for attorney’s fees. We affirm.
Appellant’s motion was based upon an attorney’s fees provision in a contractual offer to purchase appellees’ home. In its final judgment in the underlying action, the trial court ruled that appellant had revoked that offer before appellees had accepted it. Accordingly, the trial court ordered appel-lees to return the escrow deposit given with the offer to appellant. This court affirmed that final judgment. See Courtois v. Gibson, 485 So.2d 429 (Fla. 2d DCA 1986).
Because the contract upon which appellant’s motion for attorney’s fees was predicated never came into existence, there was no basis on which to award attorney’s fees. Therefore, the trial court was correct in denying appellant’s motion. Weiner v. Tenenbaum, 452 So.2d 986 (Fla. 3d DCA), pet. for rev. dismissed, 458 So.2d 274 (Fla.1984); Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983). In following Weiner and Leitman, we recognize that we are in conflict with Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983).
SCHEB, A.C.J., and SCHOONOVER and SANDERLIN, JJ., concur.