PER CURIAM.
Tropical Resources, Inc. sued the Kogers seeking specific performance or damages for breach of a land sale contract; the Kogers counterclaimed under a number of theories. The contract between the parties specifically provided that the prevailing party is entitled to attorney fees and costs in connection with any litigation involving the buyer and seller arising out of the contract. Finding that the Kogers had breached the contract, the trial court entered final judgment in favor of Tropical on its contract claim and against the Kogers on all counts of the counterclaim. Tropical was awarded attorney fees on its breach of contract claim but was denied attorney fees for its defense of the counterclaim.
We hold that it was error for the trial court to disregard the explicit language of the contract and deny attorney fees for Tropical’s defense of the Kogers’ claims without first determining if any counts of the counterclaim arose out of the contract. Erickson Enter., Inc. v. Louis Wohl & Sons, Inc., 422 So.2d 1085 (Fla. 3d DCA 1982); Brickell Bay Club Condominium Ass’n v. Forte, 397 So.2d 959 (Fla. 3d DCA), review denied, 408 So.2d 1092 (Fla.1981). Should the trial court find that some or all of the Kogers’ claims are products of the contract, Tropical is entitled to an award of reasonable attorney fees for the defense of those claims. See Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360, 363 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla.1985). The remaining points presented are without merit.
Reversed and remanded for further proceedings.