527 So.2d 861 (1988)
SINGER ISLAND CIVIC ASSOCIATION, INC., Appellant,
v.
CASETTA, LTD., a Foreign Limited Partnership, Appellee.
No. 87-1074.
District Court of Appeal of Florida, Fourth District.
June 15, 1988.
Rehearing and Rehearing Denied July 21, 1988.
Rod Tennyson of Rod Tennyson, P.A., West Palm Beach, for appellant.
William L. Hyde of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellee.
Rehearing and Rehearing En Banc Denied July 21, 1988.
STONE, Judge.
This is an appeal from a summary judgment in an action for declaratory relief. *862 The facts, set out by the court, are undisputed:
1... . the plaintiff and defendant entered into a Stipulation and Settlement Agreement to resolve a dispute pending ... regarding the issuance of a permit ... in connection with a proposed condominium project.
2. In return for Casetta's modification of its permit application and a letter of credit for payment of $75,000.00 [to reimburse costs and fees], SICA agreed to withdraw its objection to Casetta's application, and to voluntarily dismiss the administrative proceeding with prejudice.
3. The parties amended the Stipulation and Settlement Agreement in writing to provide that SICA would accept two letters of credit totaling $75,000.00 for one year to be renewed or replaced with new letters at least fifteen days prior to their expiration; "if Escrow Agent has not received a notice of demand or a new letter within the time limitation set forth herein, then Escrow Agent shall deliver the current letter or new letter, whichever is in effect, to SICA for payment as though all conditions of the Settlement, as amended, has been met."

4. Under the agreement, the $75,000.00 payment to SICA was conditioned upon Casetta's receiving all applicable federal, state, and local permits ... and after resolving any other legal impediments concerning, or relating to, the approval of the application and the construction of a condominium upon the property.
5. The permit required for the project has not been issued by the Department of the Army ... Corp of Engineers. The application is under review... .
6. Casetta failed to provide new letters of credit to the escrow agent within the fifteen days [prior to expiration of the existing letter drawn on a Canadian bank] provided in the agreement.
7. The escrow agent delivered the letters of credit to counsel for SICA for payment under the agreement. (emphasis added)
The trial court determined that the settlement agreement, considered as a whole, was ambiguous. The court considered an affidavit, on behalf of Casetta, that the intent of the parties was merely to create a rebuttable presumption that all conditions precedent to payment had been met where the letters were not renewed by Casetta on time.
The $75,000 was placed in the registry of the court by the escrow agent. The trial court rejected SICA's claim that the funds should be disbursed to it under the terms of the contract, "as though all conditions of the settlement agreement had been met." Rather, the court granted Casetta's motion for summary judgment and authorized reimbursement of the funds upon Casetta obtaining and filing a new letter of credit.
We conclude, however, that the contract is clear and specific. There is no ambiguity. Therefore, the trial court erred in considering the affidavit. Further, there is no specific language in the contract supporting appellee's contention that the parties only intended to create a rebuttable presumption.
The trial court determined that the contract was unconscionable, that there were no circumstances making time of the essence, and that Casetta's failure to perform, by not renewing the letters, was not substantial. Casetta concedes that the order must rest on one of these positions. However, we conclude that the trial court misconstrued the legal effect of the facts. See Coast Cities Coaches v. Whyte, 102 So.2d 848 (Fla. 3d DCA), dismissed, 106 So.2d 198 (Fla. 1958), cert. denied, 359 U.S. 310, 79 S.Ct. 880, 3 L.Ed.2d 832 (1959).
Even if the court is of the view that enforcement of the contract imposes an unfair burden on one of the parties, this alone does not provide a sufficient basis to vary the clear terms agreed upon. Cf. Balto v. Maley, 464 So.2d 579 (Fla. 4th DCA 1985); Chalfonte Development Corp. v. Rosewin Coats, Inc., 374 So.2d 618 (Fla. 4th DCA 1979). See also Giehler v. Ward, 77 So.2d 452 (Fla. 1955).
*863 The fact that enforcement of an agreement results in a heavier burden, than would be imposed on a party if the court had a free hand, does not make it unconscionable. Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA), rev. denied, 408 So.2d 1094 (Fla. 1981); Thomas v. Jones, 524 So.2d 693 (Fla. 5th DCA 1988). Here, there was a meeting of the minds between sophisticated parties of at least equal bargaining power. Both were represented by counsel. The terms in question were specifically negotiated. The terms, viewed at the time of, and in the context of, the settlement are not shocking to the conscience. The agreement was supported by more than ample undertakings by the association to notify various groups, agencies and persons of its new position, to support further applications for permits by the developer, to secure support from its membership, to expel non-cooperative members, and to immediately dismiss, with prejudice, the pending contest of Casetta's application to the Department of Environmental Regulation. Part of the consideration, in return, was the payment of the $75,000. The association agreed to defer receipt of the money only on the express condition that payment was guaranteed by the letters of credit. There is nothing unreasonable in a provision for a default of the security, upon a failure to renew, where there are just two weeks remaining until the security would completely evaporate.
The contract did not specify that time was "of the essence." However, it was very specific regarding the provision for timely renewal:
2. In reference to paragraph 5 of the Settlement, SICA understands and agrees that the current letters... are only valid for a period of time... . However, Casetta shall here after have a continuing obligation to deliver a new letter within a time certain as further provided herein; ... . Any notice of demand sent to Escrow Agent must be received by Escrow Agent at least 45 days prior to the expiration date of the current letters or new letter. Escrow Agent may disregard any notice of demand that does not meet the 45-day notice requirement as applied to the current letters or new letter. If Escrow Agent has received no notice of demand within said 45 day period then Casetta must send to Escrow Agent a new letter to be received by Escrow Agent at least 15 days prior to the expiration date of the current letter or new letter, whichever is in effect. If Escrow Agent has not received a notice of demand or a new letter within the time limitations set forth herein, then Escrow Agent shall deliver the current letter or new letter, whichever is in effect, to SICA for payment as though all conditions of the Settlement, as amended, have been met.
Clearly, the parties treated the time of renewal as significant. Casetta's default imposed a very serious risk and hardship on both the association and escrow agent, by placing the only security in real jeopardy. There is no excuse in the record for the default. Therefore, time should be considered as significant to this particular provision of the agreement, even though not specifically so designated. Cf. Blaustein v. Weiss, 409 So.2d 103 (Fla. 4th DCA 1982). See also Realty Securities Corp. v. Johnson, 93 Fla. 46, 111 So. 532 (1927).
We recognize that under some circumstances a court may excuse the failure to perform a contract condition in order to avoid a disproportionate forfeiture. See, e.g., Berndt v. Bieberstein, 465 So.2d 1264 (Fla. 2d DCA 1985). However, here the terms were negotiated at arms length and the risk of a default was specifically assumed by Casetta as an inducement to the association. The language used was specific. The time of renewal was a material, even if not primary, element of the agreement. The defendant's default was substantial since, in two weeks, the Canadian bank security would be lost should the escrow agent fail to act promptly. The prejudice to the association is apparent. Finally, no public policy is offended by a provision in such circumstances providing for payment conditioned upon the happening of an event.
*864 Therefore, the judgment is reversed and remanded with directions to enter judgment for the plaintiff.
DOWNEY and LETTS, JJ., concur.