539 So.2d 459 (1989)
James GIBSON, Petitioner,
v.
Garth COURTOIS and Sally Courtois, Respondents.
No. 70921.
Supreme Court of Florida.
March 2, 1989.
Gwynne A. Young of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for petitioner.
Don Paul Greiwe, Sarasota, for respondents.
KOGAN, Justice.
We have for review the decision of the Second District Court of Appeal in Gibson v. Courtois, 509 So.2d 962 (Fla. 2d DCA 1987). The district court recognized that its decision was in direct and express conflict with Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On April 5, 1984, Gibson submitted an offer to purchase Courtois' home. The offer was in the form of a written contract. The next day, before acceptance by Courtois, Gibson revoked the offer and demanded the return of his escrow deposit. The agent holding the escrow brought an interpleader action to determine each party's rights to the deposit funds. The trial court ruled that, because the offer was revoked prior to acceptance, there was no contract and the deposit should be returned to Gibson. On appeal, the district court affirmed the ruling. Courtois v. Gibson, 485 So.2d 429 (Fla. 2d DCA 1986).
Gibson moved the trial court to award him attorney's fees pursuant to a provision in the same contract offer that Gibson revoked. The court denied the motion, and the district court affirmed the ruling. Gibson v. Courtois, 509 So.2d 962 (Fla. 2d DCA 1987). The court held that because Gibson revoked the offer before it was accepted, the attorney's fees provision of the contract was not enforceable. Gibson petitioned this Court to review the district court's decision.
The contract upon which Gibson bases his claim for attorney's fees states:
Attorney's Fees and Costs: In connection with any litigation arising out of the contract, the prevailing parties shall be entitled to recover all costs incurred, including reasonable attorney's fees.[1]
Clearly, if enforceable, this provision allows Gibson to recover his attorney's fees because he was the prevailing party in the *460 underlying action. Gibson makes two arguments supporting his conclusion that the attorney's fees provision is binding on Courtois. His first argument is that Courtois is estopped from having the contract declared invalid because Courtois attempted to uphold the enforceability of the contract in the underlying action. Gibson cites Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983), as support for this position. See also Leitman v. Boone, 439 So.2d 318, 323 (Fla. 3d DCA 1983) (Schwartz, J., dissenting).
In Sousa, a party to a stock purchase agreement sought to enforce the agreement. The trial court ruled that the contract was unenforceable because only three of six shareholders had signed the agreement despite the condition that all six execute it. The trial court denied the prevailing party's motion for an award of attorney's fees pursuant to a contract provision similar to the one in this case. The fourth district reversed, holding that the prevailing party in an action to interpret or enforce a contract was entitled to an attorney's fees award. The court reasoned that the party seeking enforcement of the contract should be estopped from having certain provisions of the contract declared unenforceable.
We are not persuaded by this argument. This situation returns us to the very definition of a contract, and the necessary elements which compose every contract, namely offer and acceptance. In this case, there was an offer revoked prior to acceptance. The trial court held in the underlying action that no contract came into existence and no legal obligations attached. "`A mere offer not assented to constitutes no contract, for there must be not only a proposal, but an acceptance thereof. So long as a proposal is not acceded to, it is binding upon neither party, and it may be retracted.'" Etheredge v. Barkley, 25 Fla. 814, 817, 6 So. 861, 862 (1889) (quoting 1 Story, Contracts § 490). Many cases have upheld this basic rule of contract law. See Bullock v. Harwick, 158 Fla. 834, 30 So.2d 539 (1947); Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498 (1927); Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983). Here there was a proposal, but before assent to the proposal was given the proposal was retracted. Hence there was no contract. Gibson was under no legal obligation to buy the property, and Courtois was under no obligation to sell it. The fact that Courtois considered selling his house to Gibson is of no import. He never accepted Gibson's offer. Mutual assent is an absolute condition precedent to the formation of the contract. Absent mutual assent, neither the contract nor any of its provisions come into existence.
In a similar situation the third district in Leitman held that the absence of an acceptance of an offer foreclosed the possibility of recovering attorney's fees. The lack of mutual assent between the parties was fatal to the claim. The court noted that "[i]t is well established that attorneys' fees may not be awarded unless authorized by a contract or, not pertinent here, a statute, or for services performed by an attorney in creating or bringing into the court a fund or other property." 439 So.2d at 319. See Estate of Hampton v. Fairchild-Florida Const. Co., 341 So.2d 759 (Fla. 1976); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956). In Leitman, as in this case, the entitlement to fees is predicated solely on a contract provision which was part of a contract that was never formed. Accordingly, the court held that the prevailing party was not entitled to an award of attorney's fees.
We disagree with the estoppel rationale expressed in Sousa. If because of his original position Courtois is estopped from asserting that the contract was invalid, then one could argue that because Gibson originally contended that the offer was revoked prior to acceptance he should be now estopped from seeking to recover attorney's fees under the contract. The principle of estoppel is simply inapplicable in this situation. The fact that no contract was formed is dispositive of the issues presented.
The second argument asserted by Gibson is the concept of severability of contract provisions. Gibson alleges that only that portion of the contract dealing with the *461 obligation to purchase the property was rendered unenforceable by the trial court's decision. He argues that, because the trial court upheld the deposit/escrow provision of the contract, other parts of the contract also survived the trial court's order. We disagree. The trial court merely returned the deposit to avoid unjust enrichment, not as a means of enforcing one contract provision. In fact, the trial court specifically ruled the contract was unenforceable. The return of the deposit is the same result that would have been reached had the deposit/escrow provision been enforced. However, this does not infer that the deposit/escrow provision or any other provision was enforceable. Because the trial court ruled the contract was unenforceable, the deposit/escrow provision is also unenforceable. Moreover, the lack of mutual assent is also fatal. Courtois did not accept any part of the offer. He is not obligated under a contract provision to which he never assented.
Accordingly, we approve the decision of the Second District Court of Appeal and, to the extent that it conflicts with this opinion, we disapprove the fourth district's opinion in Sousa.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which OVERTON, J., concurs.
BARKETT, Justice, dissenting.
I dissent for the same reasons expressed by Judge Schwartz in his dissenting opinion in Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983). As Judge Schwartz notes:
[B]y suing upon it [the contract], the plaintiffs . .. necessarily subjected themselves to the effect of the attorney's fee clause of that same writing. Since that provision itself states that the prevailing party in any action "arising out of this contract" is entitled to those fees, it can make no difference which side wins the case; in this context, the word "contract" must mean the paper sued upon, irrespective of what the litigation establishes is its legal effect.
Id. at 323-24 (Schwartz, J., dissenting) (footnote omitted).
OVERTON, J., concurs.
NOTES
[1] The contract offer Gibson used is the standard real estate contract form promulgated by The Florida Bar for use in most residential real estate transactions.