559 So.2d 744 (1990)
VISTACO, INC., a Florida Corporation, Appellant,
v.
PRESTIGE PROPERTIES, INC., a Florida Corporation, Appellee.
No. 89-00721.
District Court of Appeal of Florida, First District.
April 19, 1990.
Rehearing Denied May 17, 1990.
Stephen B. Rakusin of Rakusin & Ivey, P.A., Gainesville, for appellant.
Jack M. Ross of Jack M. Ross, P.A., Gainesville, for appellee.
PER CURIAM.
This cause is before us on appeal of an order awarding attorney fees. The underlying action involved a contract suit and counterclaims. Both parties were successful to a limited extent, and both claimed entitlement to fees under relevant contract provisions. Appellant presents four issues for our consideration, only some of which we will treat in detail.
We reject appellant's first argument and conclude that the trial court correctly construed the contract to allow attorney fees for appellee. A trial court's construction of a contract should be affirmed unless clearly erroneous, and appellant has not demonstrated error. See Rylander v. Sears, Roebuck & Company, 302 So.2d 478 (Fla. 3d DCA 1974).
There is also no basis for reversal on the theory that appellee did not prevail in the action below. Neither contractual provision requires either side to prevail in order to collect fees, and as appellee argued below, "prevailing party" case law is inapplicable.
However, the trial court did err in awarding appellee the entire amount of fees claimed. The record reflects that appellee's award was for fees incurred in defending and prosecuting all aspects of appellant's claims and its counterclaims. The fee provision applicable to appellee, however, limited fees to those "incurred by purchaser in the enforcement of this contract." (emphasis added). Appellee's unsuccessful defense of valid claims made against it was not encompassed by a provision allowing fees for appellee's enforcement of its own contract rights. Attorney fee provisions must be strictly construed. Venetian Cove Club v. Venetian Bay Developers, 411 So.2d 1323 (Fla. 2d DCA 1982); Hurley v. Slingerland, 480 So.2d 104 (Fla. 4th DCA 1985), review denied, 492 So.2d 1335 (Fla. 1986); Keys Lobster v. *745 Ocean Divers, 468 So.2d 360 (Fla. 3d DCA 1985), petition for review denied, 480 So.2d 1295 (Fla. 1985); Bay Lincoln, Mercury, Dodge, Inc. v. Transouth Mortgage Corporation, 531 So.2d 1027 (Fla. 1st DCA 1988); Schumacher v. Wellman, 415 So.2d 120 (Fla. 4th DCA 1982); Weiner v. Tenenbaum, 452 So.2d 986 (Fla. 3d DCA 1984), petition for review dismissed, 458 So.2d 274 (Fla. 1984).
The trial court also erred in refusing to award appellant fees it sought for successfully defending on counterclaims raised by appellee. Appellant's fee clause entitled it to "costs and expenses of collection or repossession." In Erickson Enterprises, Inc. v. Louis Wohl and Sons, Inc., 422 So.2d 1085 (Fla. 3d DCA 1982), the court considered a contractual provision authorizing a fee award in the event of "collection action." Erickson held that:
Where a plaintiff, in order to recover in an action where the contract sued upon provides for attorney's fees, is required to prevail on the defendant's counterclaim which is based on the same contract, as well as on his own action, defense of the counterclaim is part and parcel of the original action, and plaintiff is entitled to a fee for defending the counterclaim as well.
See also Tropical Resources, Inc. v. Koger, 524 So.2d 1152 (Fla. 3d DCA 1988), and Berryer v. Hertz, 522 So.2d 510 (Fla. 3d DCA 1988). Because the trial court erred in declining to award fees to appellant for successfully defending against some of appellee's counterclaims, we reverse and remand with directions to award fees for time spent on those matters. The fee award to appellant should not include time spent unsuccessfully defending against counterclaims.
Consequently, we affirm in part and reverse in part, and remand with directions that the trial court reconsider the award to both sides in accordance with the principles stated. The award should not include, insofar as it is possible to determine, any fees for either side for the unsuccessful prosecution or defense of the various claims.
BOOTH, THOMPSON and NIMMONS, JJ., concur.