657 So.2d 1248 (1995)
FLORIDA MEDICAL CENTER, INC., a Florida Corporation, Appellant,
v.
Gilbert McCOY and Regina McCoy, Appellees.
No. 93-3420.
District Court of Appeal of Florida, Fourth District.
July 12, 1995.
*1249 Robert J. Orovitz, P.A., of Hayt, Hayt & Landau, Miami, for appellant.
Alexander Clark of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, Fort Lauderdale, for appellee-Regina McCoy.
FARMER, Judge.
When Regina McCoy's late husband was admitted to the Florida Medical Center, she and her husband were both required by the hospital to sign a form entitled "ADMISSION, CONSENT AND RELEASE." The form deals with assignments of insurance benefits, a consent to emergency treatment, a verification of the correctness of information necessary for medicare and medicaid reimbursement, and other subjects irrelevant to this case. Pertinent to this dispute are the following provision and signature lines:
"4. FINANCIAL RESPONSIBILITY: I understand that I am responsible to the hospital and physician(s) for all reasonable charges incurred by me and not paid by third party benefits. In the event that said hospital bill, or any part thereof, is deemed delinquent by the hospital, I understand that I will be responsible for collection expenses as well as reasonable attorney's fees and court costs if suit is instituted."
* * * * * *
 /s/ Gilbert McCoy
 PATIENT
 /s/ Regina McCoy
 PATIENT'S AGENT OR REPRESENTATIVE"
There was a signature on both lines, and the handwriting for the two signatures is identical. After her husband passed away, the hospital sued both of them for the unpaid balance on the final bill, but the hospital later dropped him as a party. In a final judgment following a non-jury trial, the court determined that the hospital could recover nothing from her.[1] She, in turn, then moved for an award of attorney's fees under the above quoted paragraph, which the trial court granted. The hospital appeals. We reverse.
In granting the motion for fees, the court explained:
"(1) a valid contract existed between [hospital] and Gilbert McCoy; (2) Plaintiff brought suit against defendants, Gilbert McCoy and Regina McCoy, individually, under that contract; (3) the contract contains a provision awarding attorneys fees to Plaintiff in the event Plaintiff is the prevailing party; (4) the same provision, pursuant to F.S. § 57.105(2) applies to Defendant; (5) Defendant, Regina McCoy, *1250 was found to be neither a party to a contract or a guarantor of the contract; and (6) Defendant, Regina McCoy is entitled to recover fees under the contract pursuant to F.S. § 57.015(2)."[2]
The hospital argues that David v. Richman, 568 So.2d 922 (Fla. 1990), and Gibson v. Courtois, 539 So.2d 459 (Fla. 1989), control this issue and that under these decisions no award of fees to Mrs. McCoy is possible.
Because the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical. In Gibson, the contractual provision for fees read as follows:
"Attorney's Fees and Costs: In connection with any litigation arising out of the contract, the prevailing parties shall be entitled to recover all costs incurred, including reasonable attorney's fees."
The dispute in that case was between the seller and buyer of a residence. The buyer tendered an offer with an earnest money deposit through a broker but revoked the offer before acceptance. The broker refused to return the deposit. The trial court ruled that because the offer was revoked before acceptance no contract ever came into being with anyone, and the deposit must be returned to the buyer. The court denied fees to the buyer, and the district court affirmed. In rejecting the buyer's estoppel theory to support fees, the supreme court wrote:
"If because of his original position [seller] is estopped from asserting that the contract was invalid, then one could argue that because [buyer] originally contended that the offer was revoked prior to acceptance he should be now estopped from seeking to recover attorney's fees under the contract. The principle of estoppel is simply inapplicable in this situation. The fact that no contract was formed is dispositive of the issues presented." [e.s.]
539 So.2d at 460.
In David, the attorney's fee provision stated:
"In connection with any litigation including appellate proceedings arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs."
The transaction concerned the sale of a town-house. The document was first signed by seller and later by the buyer. Seller sued for specific performance. In denying relief, the court found the financial provisions ambiguous and thus no agreement as to the essential term of payment of the price, as well as the seller's lack of the financial ability to close when required. The court then denied fees to the buyer and the district court affirmed. The supreme court approved the denial of fees on the basis that a contract was never formed between the parties because of the lack of mutual assent to an essential term.
Both of these decisions should be read with Katz v. Van Der Noord, 546 So.2d 1047 (Fla. 1989), where a contract was actually completed for the sale of a trailer park, but no closing was ever held. A jury found that the buyer had breached, but the trial court set aside the verdict on the grounds that the seller had misrepresented an essential condition and ordered a new trial on buyer's damages. On the first appeal, the new trial order was quashed. The buyer then moved for attorney's fees as the prevailing party, which the trial court granted. The district court reversed the award of fees, reasoning that the buyer had elected a remedy in the nature of rescission, thereby effectually nullifying the agreement as though it had never existed. The supreme court disapproved that decision, ruling that "[t]he legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist." 546 So.2d at 1049.
In both Gibson and David the fee agreement limited attorney's fees entitlement to "litigation arising from the/this contract." The essential fact in both Gibson and David was the determination that a contract did not exist between anyone. The essential fact in Katz was the determination that a contract did exist and that the later rescission could not be taken to mean that it had never existed. Thus the cases stand for the proposition *1251 that, when there is no contract, no person claiming rights under a non-existent contract may recover attorney's fees in litigation "arising from the contract." Where attorney's fees are based on a contract rather than a statute and there is no contract, there can be no possible claim "arising from the contract." A mere failed attempt to come to an agreement on a set of promises that the law would ultimately enforce can yield no promise to be enforced; hence no claim for such relief can ever arise.
In contrast to the situation in Gibson and David, here a contract was formed, and Mrs. McCoy signed it. The hospital alleged that she was liable for the hospital bill on three theories: open account, account stated and as a guarantor. She responded with defenses of, among others, agency for a disclosed principal, undue influence, mistake, fraud, failure of conditions precedent, unreasonability of charges, and unconscionability. She later moved for summary judgment on the grounds that the contract conclusively showed that she signed the document merely as an agent for her husband. In response to that motion, the hospital filed an affidavit that Mrs. McCoy signed the contract on her own behalf and that it was the intention of the hospital that all persons who sign the form be jointly liable for payment.
The trial court denied the motion for summary judgment. One logical implication of the rejection of summary judgment is that the trial court found the contract ambiguous. The precise text and organization of the form, and the two separate signatures on the two lines, created a triable question of ambiguity as to the intention of the parties. The hospital contended that her signature created primary liability against her as well as accommodation, or guarantor, liability. Presumably, the court reasoned that if the parties had intended for the signature of Mrs. McCoy unambiguously to represent the assent of only her husband, she should have signed "Gilbert McCoy by Regina McCoy, agent."[3] After a trial, however, the hospital lost in its attempt to hold Mrs. McCoy responsible for her husband's bill.
In arguing for a denial of fees, the hospital lays great emphasis on its assertion that the trial court's judgment on the merits was a determination that Mrs. McCoy "was found to be neither a party to a contract or a guarantor of the contract * * *." The term party when raised in connection with a contract generally identifies a person who has acquired rights or liabilities under the agreement that the law will enforce. When it is used without qualification or limitation, it could mean anyone who participates in the contract, even one who merely signs on behalf of another.
Clearly in this case, Mrs. McCoy was a participant to the contract. The question at trial was less whether she was a party to the contract and instead whether she incurred an obligation under it to pay her husband's bill. After trial, the question has now become whether she acquired a right to fees from the same contract in which she had no obligation to pay his bill. To answer that question, we must return to the precise text of the agreement.
First, it specified that the signer assumed responsibility "to the hospital for all reasonable charges incurred by [the patient] and not paid by third party benefits." As we have seen, the hospital lost on its contention that Mrs. McCoy agreed to become liable for the payment of her husband's bill. The contract went on to specify that if the hospital bill was not fully paid the signer would "be responsible for collection expenses as well as reasonable attorney's fees and court costs if suit is instituted." That provision, as resolved by the trial court, obviously meant that any person who had become responsible for the payment of the hospital bill would also thereby be liable for the hospital's attorney's fees.
*1252 In other words, in order to be responsible for fees, one first had to be responsible for the bill. But the unappealed result of the trial was that under the agreement Mrs. McCoy had not assumed a responsibility for payment of the hospital bill. It follows that she also did not incur an obligation to pay attorney's fees. Without an obligation to pay fees, there is no basis to invoke the compelled mutuality provision of section 57.105(2). Consequently, the final order awarding her fees must be, and hereby is,
REVERSED.
GLICKSTEIN, J., and PHILLIP J. HUBBART, Associate Judge, concur.
NOTES
[1] The final judgment does not contain findings or conclusions. It merely recites that the cause came before the court for non-jury trial, "whereupon the Court found in favor of defendant, REGINA McCOY."
[2] The court's final order awarded $4,200 in attorney's fees and an expert witness fee of $500.
[3] We recognize that the agreement was not a negotiable instrument, but a reference to the UCC article on such instruments might be helpful. See § 673.4021, Fla. Stat. (1993) (if form of signature of person on instrument does not show unambiguously that signature was made in representative capacity, person is liable on instrument). Hence, where the context shows, as here, an ambiguous intent with regard to the signature, the person who claims to have signed only in a representative capacity may incur personal liability.