STEVENSON, J.
The instant litigation arose when Punie, the plaintiff/appellant, thought she was purchasing a lot different from that actually described in the real estate sales contract. During the proceedings below, Pu-nie proceeded on two alternative theories: one seeking a damages award against the real estate agency and the other seeking rescission of the contract with the seller of the lot that Punie actually purchased. Pu-nie obtained a $22,000 verdict on the damages claim, but the trial court directed a verdict against her on her rescission claim. On appeal, Punie contends that the directed verdict was erroneous. Essentially, appellant contends that the basis for the trial judge’s decision was her finding that Punie had failed to properly plead a claim for rescission predicated upon unilateral mistake. We agree with appellant’s contention that her complaint did indeed contain sufficient allegations of unilateral mistake. We nonetheless affirm the trial court’s decision, however, as we find that Punie failed to meet her burden of pleading and proving that she had no adequate remedy at law. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)(“Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.”).
.Punie argued on appeal that her remedy at law was inadequate because she was unable to recover prevailing party attorney’s fees through her negligent misrepresentation claim against the real estate agent — relief which she contends she is entitled to via the claim for rescission. This is simply not true under the facts of this case. In an action for rescission, attorney’s fees may be awarded as the result of a prevailing party provision in the rescinded contract. See Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla.1989). Attorney’s fees cannot be awarded, however, where it is found that no valid contract existed in the first instance. See Florida *825 Med. Ctr., Inc. v. McCoy, 657 So.2d 1248, 1250-51 (Fla. 4th DCA 1995)(citing David v. Rickman, 568 So.2d 922 (Fla.1990), Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989), and Gibson v. Courtois, 539 So.2d 459 (Fla.1989)). The instant case falls into the latter of these categories.
Punie’s rescission claim is founded upon her allegation that she was mistaken as to the subject of the contract and “ ‘in a sale of real estate, if one party believes he is buying a particular piece of property while the other thinks he is selling another piece, there is no meeting of minds so as to constitute a valid contract.’ ” Langley v. Irons Land & Dev. Co., 94 Fla. 1010, 114 So. 769, 771 (1927)(quoting Black on Rescission & Cancellation, p. 385, § 140). Thus, even if Punie were to prevail on her rescission claim, there would be no contract between the parties from which an attorney’s fee provision would emanate. Further, there is no authority, in law or equity, which would support requiring an innocent seller to pay the buyer’s attorney’s fees where rescission of a contract to purchase real property has been occasioned by a unilateral mistake on the part of the buyer.
AFFIRMED.
DELL and GUNTHER, JJ., concur.