768 So.2d 1144 (2000)
Barbara A. HEILMAN, Appellant,
v.
Cathy REPP, and James Laudicina, husband and wife, Appellees.
No. 4D00-475.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Rehearing Denied October 17, 2000.
James S. Telepman of Cohen, Norris, Scherer, Weinberger & Wolmer, North Palm Beach, for appellant.
*1145 David W. Craft of Craft & Craft, West Palm Beach, for appellees.
GROSS, J.
We affirm the well-drafted final judgment of the trial court.
Appellant entered into a "back-up contract" to purchase a home owned by appellees. As used in the handwritten addendum to the contract for sale and purchase, the term "back-up contract" was ambiguous, so the trial court did not err in considering extrinsic evidence to ascertain its meaning. In the light most favorable to appellees, the evidence supports the trial court's conclusion that the "backup contract was subject to the initial October 7, 1996 Contract and was not binding unless the initial Contract terminated or failed to close within a reasonable time after November 5, 1996." See Gorman v. Kelly, 658 So.2d 1049, 1053 (Fla. 4th DCA 1995). See generally 1 HARRY D. MILLER & MARVIN B. STARR, CURRENT LAW OF CALIFORNIA REAL ESTATE § 1:136 (2d ed. 1989) (noting that "[t]he express language of the condition precedent in [a] `back up contract'... usually refers to the failure of the buyer to close the escrow, or the termination or cancellation of the first contract").
The trial court also correctly concluded that since the first contract did not contain a "time is of the essence clause," the contract remained in force until the November 8, 1996 closing. As the fifth district wrote in Henry v. Ecker, 415 So.2d 137, 140 (Fla. 5th DCA 1982):
Time is not of the essence in contracts for the sale and purchase of real estate unless the contract so provides. When a contract for the sale and purchase of land does not make time of the essence as it relates to closing, a party can breach that contract only by refusing to perform after demand that a closing take place at a reasonable time and place.
(Citations omitted). Appellant argues that Singer Island Civic Ass'n v. Casetta, Ltd., 527 So.2d 861 (Fla. 4th DCA 1988), compels a different result. However, that case is distinguishable. The contract in Singer Island was not a contract for the sale and purchase of real estate, but was a settlement agreement that involved time sensitive letters of credit; the letters expired on a date certain. This court read the agreement as making the time for renewal of the letters as "significant," another way of saying that the agreement made those time periods specified in the contract "of the essence," without using that term of art. Id. at 863.
On another point, we do not read the trial court's use of the term "unconscionable" to indicate the application of an affirmative defense which was not pled by appellees, contrary to Neiman v. Galloway, 704 So.2d 1131, 1132 (Fla. 4th DCA 1998). The court did not find that appellees/sellers had breached the back-up contract with appellant, but were entitled to avoid judgment based on the affirmative defense that the contract was unconscionable. Instead, the trial court held that the back-up contract never became binding due to the closing which occurred under the first contract.
Finally, we grant appellees' motion for appellate attorney's fees. See § 59.46, Fla. Stat. (1999); Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla.1989); Florida Med. Ctr. v. McCoy, 657 So.2d 1248, 1250 (Fla. 4th DCA 1995). This case is unlike David v. Richman, 568 So.2d 922 (Fla. 1990), and Gibson v. Courtois, 539 So.2d 459 (Fla.1989). In both cases, the supreme court approved the denial of attorney's fees to a litigant seeking them under a contractual provision. Crucial to both cases was that no contract was formed between the parties. In Gibson, no contract was created because the buyer revoked his offer prior to its acceptance. See Gibson, 539 So.2d at 460. In David, no contract was formed because of the lack *1146 of mutual assent to an essential term. See David, 568 So.2d at 924.
By their execution of the "back up contract," the parties formed a valid contract in this case. Its performance was conditioned upon the occurrence of an event after the contract's formationthe failure of the first contract to produce a real estate closing.
AFFIRMED.
KLEIN, J., and FINE, EDWARD H., Associate Judge, concur.