SHAHOOD, J.
Appellant, I. Kushnir Hotels, Inc. (Kush-nir) filed two separate appeals, which were later consolidated. The first appeal was from the order granting appellees’, Robert J. Durso and Carol R. Dender (Dender), motion to discharge lis pendens. The second appeal was from the final judgment, which was entered in favor of appellees in Kushnir’s breach of contract action. Ap-pellees filed a cross-appeal of the final judgment based on the court’s failure to find them to be the prevailing parties and award them attorney’s fees and costs. We affirm the order discharging the lis pen-dens, but reverse the final judgment and remand with directions that the trial court enter an amended final judgment after determining attorney’s fees and costs.
Kushnir and appellees entered into a contract for the purehase/sale of a motel. The contract provided for a closing date “on or before Feb. 15th, 2000 unless modified by other provisions of this contract or separate agreement.” Appellees, the sellers, scheduled a closing on February 15, 2000, but it did not occur on that date. Thereafter, Kushnir attempted to schedule a closing date on February 29, 2000. When that date was rejected, he attempted to schedule one on February 24, 2000, but the appellees rejected that date as well.
After the failed closing with Kushnir, appellees immediately entered into a contract to sell the property to a third party and scheduled a closing date of March 3, 2000. Kushnir filed a complaint against them for breach of contract and specific performance and filed a lis pendens precluding appellees from closing on the contract with the third party. He claimed damages in the amount of his deposit, $27,000.
Appellees answered the complaint, raising the affirmative defense that Kushnir breached the contract by failing to close on the date specified in the contract, and counterclaimed for breach of contract, declaratory judgment, and wrongful lis pen-dens. Appellees asserted that they were damaged by the cloud on their property, which prevented them from performing under their contract with the third party.
Evidence at trial showed that, during the preliminary negotiations, the appellees informed Kushnir that, due to their past experiences with contracts falling through, they required a contract with no contingencies for closing, no inspection, and a thirty-day, all cash closing. A contract was drawn up according to those terms, but Kushnir’s attorney, Nathan Levner (Levner) proposed revisions, which included an additional sixty days for closing and contingencies based on satisfactory structural inspections. Further negotiations re- *635 suited in deletion of the structural inspections in exchange for a no contingency-closing to occur on or before February 15, 2000. Subsequent correspondence between the parties and/or their attorneys reiterated appellees’ intention to close on or before February 15, 2000.
Both Kushnir and his attorney testified that they understood February 15 to be the closing date and took steps to ensure full performance on that date. Funds were transferred to the appropriate accounts and closing documents were requested from the title company in anticipation of the February 15 closing date. In addition, the title agent confirmed the February 15 closing date with Kushnir’s attorney via telephone voice mail.
On February 10, Kushnir’s attorney, Levner, contacted the title agent and informed her that Kushnir was not closing on the 15th. He gave no reason and did not propose an alternate closing date. After the title agent informed appellees’ attorney, Jeff Miner (Miner), of her conversation with Levner, Miner sent a letter to Levner stating, “my clients are adamant about consummating this transaction on February 15, 2000, in accordance with the purchase and sale agreement.”
On February 14, Miner reiterated to the title agent his clients’ intention to close the following day. When the agent relayed the message to Levner, however, he informed her that the closing would not take place the following day, but that Kushnir and appellees were working things out. Despite the title agent’s urging, the two attorneys never spoke to each other directly-
During the morning of February 15, Kushnir contacted Dender to ask for a change in the closing date. The two were not able to resolve the issues and Dender ultimately told Kushnir to call her attorney. When appellees appeared for the closing later that day, Kushnir requested an additional 45 days to close. He offered an additional $15,000 consideration, but ap-pellees requested a larger sum. Kushnir refused the counter-offer; the meeting ended; and the closing did not take place that day. Kushnir did not tender the closing proceeds. Subsequent attempts by Kushnir to close after February 15th were rejected.
According to Kushnir, his private lender was ready to fund and close on February 15. In addition, the lender’s attorneys had prepared the mortgage, promissory note and guaranty, each dated February 15, 2000, and forwarded them to the title company. Kushnir’s mortgage lender testified that the funds were available for closing on February 15, 2000 and remained available on February 24, 2000.
Following a trial, the jury found that appellees had not breached the contract, that Kushnir was not ready, willing, and able to perform the contract in accordance with its terms, and that Kushnir breached the contract. The jury did not, however, award appellees damages, and found that the lis pendens was not wrongfully issued.
On appeal, Kushnir contends that because the contract did not contain a provision making time of the essence, ap-pellees had no right to declare him in default based on his failure to close by February 15, 2000. He claims that appel-lees wrongfully refused his offer to close within a reasonable time after that date.
Generally, when a contract does not contain an express time of the essence provision, time will not be considered of the essence in closing. See Heilman v. Repp, 768 So.2d 1144, 1145 (Fla. 4th DCA 2000)(stating, “[w]hen a contract for the sale and purchase of land does not make time of the essence as it relates to closing, a party can breach that contract only by *636 refusing to perform after demand that a closing take place at a reasonable time and place”). Although there was no such provision in the contract at issue here, appel-lees contend that time was made to be of the essence because (1) the actions and conduct of the parties demonstrated that time was of the essence; (2) the sellers demanded that the closing take place in conformance with the terms of the contract; and/or (3) treating time as nonessential would have produced a hardship.
In Felt v. Morse, 80 Fla. 154, 85 So. 656 (1920), the parties’ agreements did not establish a time for delivery of the deed and the payment of the purchase money; therefore, the court determined that time was not of the essence of the contract. The court recognized the following rule:
If at any time during the negotiations time became, because of an act of either of the parties, of the essence of the contract, the other party was entitled to a reasonable time after notice of such act within which to perform the contract. The rule in such cases is stated in Asia v. Hiser, Adm’r, 38 Fla. 71, 20 [So.] 796 [ (Fla.1896) ]. The court said:
‘Although time may not be of the essence of the original contract, it may subsequently be made so by an express notice, given by a party who is not in default to the other party who is in default, requiring the contract to be performed or rescinded within a stated time, which must be a reasonable time according to the circumstances of the case.’
Felt, 85 So. at 657.
Applying Felt to the facts in this case, we hold that the trial court did not err in allowing the jury to determine whether appellees’ conduct during the course of negotiations and just prior to closing converted the agreement to one in which time was of the essence and, further, whether Kushnir was given a reasonable opportunity to perform under the contract after the demand. There was abundant evidence at trial concerning negotiations and letters that the appellees intended to enforce the closing date in the contract, thereby making the date “of the essence.” We affirm all other issues raised by appellant without further discussion, except the issue concerning the discharge of the lis pendens, which we deem to be moot based on our affirmance of this appeal.
With respect to the cross-appeal, we hold that the trial court erred in failing to find appellees to be the prevailing parties in this litigation and in failing to award them their reasonable attorney’s fees and costs. The contract between the parties provided that, “[i]n any litigation (including all appeals) arising out [of] the Contract,” the prevailing party would be entitled to attorney’s fees and costs. The trial court was bound to enforce that provision. See Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705, 709 (Fla. 4th DCA 1985) (holding that “[w]here a contract provides for an award of attorney’s fees to the prevailing party in any litigation arising out of the contract a court is without discretion to decline to enforce the provision”).

Affirmed in part; Reversed in part, and Remanded.

STEVENSON, C.J., and GROSS, J., concur.