# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0222
Lower Tribunal No. 20-16642
_____

## Highway 1 Hospitality, LLC, et al.,
Appellants,

vs.

## Gregory N. Andris, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Josh M. Rubens and Becky N. Saka; Samson Appellate Law, and Daniel M. Samson, for appellants.

Egozi & Bennett, P.A., and Bernard L. Egozi and Sean M. O'Connor (Aventura), for appellees.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed. See Gibson v. Courtois, 539 So. 2d 459, 460 (Fla. 1989) ("Mutual assent is an absolute condition precedent to the formation of the contract. Absent mutual assent, neither the contract nor any of its provisions come into existence."); Jacksonville Port Auth. v. W.R. Johnson Enters., Inc., 624 So. 2d 313, 315 (Fla. 1st DCA 1993) ("So long as any essential matters remain open for further consideration, there is no completed contract. In order to create a contract it is essential that there be reciprocal assent to a certain and definite proposition. . . . Where the parties are continuing to negotiate as to the[] essential terms, there can be no meeting of the minds.") (quoting Mann v. Thompson, 100 So. 2d 634, 637 (Fla. 1st DCA 1958)). See also Tibbs v. State, 397 So. 2d 1120, 1123 (Fla. 1981) (in reviewing factual determinations made by the jury or other factfinder, "the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.").

LOGUE, C.J., and EMAS, J. concur.

2

BOKOR, J., dissenting.

I respectfully dissent. First, although we review the trial court's findings of fact for abuse of discretion, here, no competent substantial evidence supports the trial court's conclusion that no valid written agreement to arbitrate exists. And the conclusion that Andris and Hyatt didn't consent to the terms of the contract not only misapplies the evidence, but also impermissibly relies on parol evidence.

Andris and Hyatt signed the operating agreement containing an arbitration clause. They held out to third parties that the agreement was executed. Further, the agreement contains a merger and integration clause as well as a clause specifically permitting the agreement to be executed in counterparts. There's no fraud or undue influence claim, and no ambiguity in the contract language. Any discussion over side deals, oral promises, or wink-and-nod understandings presents a red herring. See Jenkins v. Eckerd Corp., 913 So. 2d 43, 53 (Fla. 1st DCA 2005) (explaining that "a merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms"). The arbitration clause contained in the signed agreement should be enforced.

3

Second, the record establishes that Andris and Hyatt relied on the existence of the operating agreement to the detriment of a third party. The evidence establishes the main purpose of the operating agreement was to fulfil a requirement of a third-party lending institution: that an operating agreement be in place before it would loan money to the venture. Hyatt admits he spoke to Bank of America and coordinated terms of financing, including a wire transfer of funds, premised on the existence of the operating agreement he now tries to disavow.

At best, it appears that Andris and Hyatt aren't arguing the nonexistence of a contract, but rather that there was a unilateral or mutual mistake and the contract should be rescinded. But a finder of fact could conclude (and based on the limited record before us, probably would be constrained to conclude) that Andris and Hyatt represented to a third party that the agreement existed, and benefited from such representation to a third party, leaving them with unclean hands to now claim the contract doesn't exist. See, e.g., Md. Cas. Co. v. Krasnek, 174 So. 2d 541, 542–43 (Fla. 1965) (discussing recission based on unilateral or mutual mistake as equitable relief); see also Perry v. Turner, 365 So. 3d 1222, 1224 (Fla. 2d DCA 2023) (explaining that "the unclean hands doctrine may be asserted by a defendant who claims that the plaintiff acted toward a third party with

4

unclean hands with respect to the matter in litigation") (internal citation and quotation omitted).  For these reasons, I would reverse the order of the trial court and compel arbitration based on a binding agreement.