NESBITT, Judge.
The purchaser brought an action for specific performance of a land sale contract and ultimately obtained a partial summary judgment directing the conveyance and reserving the right to assess damages and attorneys’ fees. The summary judgment was predicated upon the purchaser’s affidavit that he had the financial ability to consummate the transaction in accordance with the terms of the contract. After the closing had been consummated, the seller discovered that, contrary to the purchaser’s affidavit, he did not have the financial ability to close on the date of the contract. On that basis, the seller filed a motion pursuant to Florida Rule of Civil Procedure 1.540(b) seeking relief from the final judgment on the basis of fraud. From the denial of the motion, the seller appeals.
While it is clear that the allegations of the motion, if proven, would entitle the movant to relief, Seven-Up Bottling Co. of Miami v. George Construction Corp., 166 So.2d 155, 158 (Fla. 3d DCA 1964), the purchaser argues that the seller stipulated to the closing and is therefore precluded from challenging the propriety of the summary judgment. A brief recitation of the events leading to this “stipulation” indicates that the purchaser’s argument must fail.
Subsequent to the entry of the summary judgment, the court reaffirmed its order of conveyance and assessed partial damages. As to the conveyance, the order directed: “In default of the execution and delivery of said deed this decree shall have the effect and operation, at law and in equity, of such conveyance, so as to vest Plaintiff with fee simple absolute title to said premises pursuant to Rule 1.570 of the Florida Rules of Civil Procedure.”
As to damages, one element provided for was the increase in the cost of financing which arose between the scheduled contract date of closing and the court-ordered date of closing. Seeking to lessen his damages, the seller filed a motion to modify this order in which he proposed to take back a mortgage at the interest rate prevailing at the contract date of closing. After hearing, the court ultimately entered an “order on stipulated agreement” which in essence granted the seller’s motion. It is upon this procedural scenario that the purchaser relies for his contention that the seller agreed to the conveyance.
In our view it is clear that the seller was under a court-ordered compulsion to convey the property. In fact, under the self-executing provision of that order, title had vested in the purchaser by operation of law, long before the alleged “stipulation” occurred. In any event, it cannot be said that the attempt by the seller to comply with that order in the least costly manner (by taking back a mortgage) constitutes a stipulation to convey.
Since the only basis for denial of the seller’s 1.540 motion was the “stipulation,” our resolution of that issue contrary to the trial court requires that we reverse and remand for entry of an order granting the seller’s motion for relief from judgment. Because all orders entered after the summary judgment are permeated by the alleged fraud, they must be vacated. The cause is remanded for further proceedings.