528 So.2d 25 (1988)
Irv DAVID, a/k/a Irving Weinberger, Appellant/Cross-Appellee,
v.
Harold RICHMAN, Appellee/Cross-Appellant.
No. 87-1809.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Rehearing Denied July 26, 1988.
*26 Greenfield & DuVal and Harvie S. Du-Val, North Miami, for appellant/cross-appellee.
Bedzow & Korn and Allan M. Glaser, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
This appeal stems from an action brought by Harold Richman against the putative seller, Irv David, for specific performance to enforce the sale of a townhouse. The trial court granted Richman a partial summary judgment and directed David to convey the property to Richman. This court reversed the summary judgment in David v. Richman, 446 So.2d 1140 (Fla. 3d DCA 1984) based on David's allegations that the summary judgment had been predicated on a fraudulent affidavit.
On remand the trial court found that the real estate agent had prepared a purchase and sale contract for David to sign without including the legal description of the property in the contract. In fact, with the exception of the names of the parties, material portions of the contract were blank. The court also found the contract to be ambiguous and inconsistent with respect to the financial obligations of the parties. One provision of the contract required David to accept a purchase money mortgage of $70,000 and another provision required Richman to seek a loan from a third party. The court also found David had not agreed to finance the transaction, but rather had only agreed to an all cash closing. In addition, the trial court examined Richman's affidavit and deposition in which he indicated he had the funds to close on the townhouse on the date required by the contract. The affidavit and first deposition were in direct contradiction to a second deposition and subsequent testimony Richman offered the trial court which revealed he did not have the funds to close on the required date. The court found no explanation as to why Richman had previously testified falsely about such a material matter.
In light of these findings of fact the trial court made the following conclusions:
1. That the contract is ambiguous as to its financial provisions and cannot support a claim for specific performance.
2. That there was no meeting of the minds of the parties as to all the material elements of the contract ...
3. That the Plaintiff, Richman, did not have the financial ability to close on November 1, 1979, as required by the contract and was not excused from having the funds to pay the purchase price on that date.
The trial court denied Richman's complaint for specific performance, cancelled the outstanding warranty deed, and entered a final judgment for David. Jurisdiction was retained to determine damages, attorney's fees, and costs.
At a subsequent trial, the court considered evidence on each party's claims for damages. A final judgment was entered which assessed $51,427.15 in credits for Richman and $54,630.00 in credits for David. The difference of $3,202.85 was awarded to David as damages, along with $840.95 in costs, totalling $4,043.80. David had claimed attorney's fees under a provision of the purchase and sale contract which awarded reasonable attorney's fees to the prevailing party "in connection with any litigation ... arising out of this Contract." The court denied the attorney's fees award. David appealed this denial. Richman cross-appealed the award of damages in favor of David.
The first point we will address is the correctness of the damage award. Richman contends the trial court erred in its calculation of damages by crediting David with $4,171.00 more than he was entitled to receive. David likewise contends the trial judge's calculations were incorrect, but he claims the error was in favor of Richman *27 for $171.00 above the amount he should have been credited with. After considering the issues raised by counsel and carefully examining the calculations, we find the trial judge's calculations to be accurate with respect to both parties. Finding both Richman's and David's arguments to be without merit, we affirm the trial court's award of $4,043.80 in damages to David.
The second issue on appeal is whether the trial court erred in denying attorney's fees to David. David contends he was entitled to receive fees under the prevailing party provision of the purchase and sale contract. Richman argues that an award of attorney's fees is precluded under the contract because the contract was found to have never existed between the parties as a result of the trial court's conclusion that there was no mutual assent.
"In order that there be a contract, the parties must have a definite and distinct intention, common to both, and without doubt or difference. Until all understand alike, there can be no assent, and therefore no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms." Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498, 502 (1927); accord Strong & Trowbridge Co. v. H. Baars & Co., 60 Fla. 253, 54 So. 92 (1911). Without a meeting of the minds, there can be no contract of any kind. Enid Corp. v. Mills, 101 So.2d 906 (Fla. 3d DCA 1958).
The trial court's findings lead to the inescapable conclusion that no contract ever existed between the parties because "there was no meeting of the minds." Since David's claim to attorney's fees rests solely on a contract which was found to have never existed, no legal obligation was created between the parties, and an award of attorney's fees is precluded. See Weiner v. Tenenbaum, 452 So.2d 986 (Fla. 3d DCA), review dismissed, 458 So.2d 274 (Fla. 1984); Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983); accord Gibson v. Courtois, 509 So.2d 962 (Fla. 2d DCA 1987); Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982).
We are aware that this holding conflicts with the Fourth District Court's decision in Sousa v. Palumbo, 426 So.2d 1072 (Fla. 4th DCA 1983); therefore, we certify the following question to the Florida Supreme Court:
Whether a party is precluded from claiming attorney's fees under a contract which has been found to have never existed.
For the foregoing reasons, and based upon the authorities cited, the final judgment under review is, in all respects,
Affirmed.
NESBITT, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
I concur only because I am bound by the court's prior opinions in Weiner v. Tenenbaum, 452 So.2d 986 (Fla. 3d DCA 1984), pet. for review dismissed, 458 So.2d 274 (Fla. 1984), and Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983). I have not in the slightest, however, been persuaded that the views expressed in my dissenting opinion in Leitman are incorrect. To the contrary, I continue to believe that the court's conclusion that because there is no "contract," there is no obligation to pay attorney's fees required by an unsuccessful claim that there was, represents a mechanical misapplication of a rule of law to a wholly irrelevant legal situation.