568 So.2d 922 (1990)
Irv DAVID, etc., Petitioner,
v.
Harold RICHMAN, Respondent.
No. 72927.
Supreme Court of Florida.
October 18, 1990.
*923 Harvie S. DuVal of Greenfield & DuVal, North Miami, for petitioner.
Allan M. Glaser of Bedzow, Korn, Kan & Glaser, P.A., Miami, for respondent.
EHRLICH, Justice.
We have for review David v. Richman, 528 So.2d 25, 27 (Fla. 3d DCA 1988), in which the district court certified the following question as being of great public importance:
Whether a party is precluded from claiming attorney's fees under a contract which has been found to have never existed.
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative based on our recent decision in Gibson v. Courtois, 539 So.2d 459 (Fla. 1989).
This dispute over attorney's fees arises in connection with an action brought for the specific performance of a contract for the purchase and sale of a townhouse. The trial court found in pertinent part that the townhouse owner, Irv David, signed a purchase and sale contract which was prepared by a realtor. At the time of execution by David all material portions of the contract, with the exception of the names of the parties, were left blank. However, the contract included the following clause:
In connection with any litigation including appellate proceedings arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs.
The contract was later executed by the prospective buyer, Harold Richman. The legal description and other material terms were apparently inserted by the realtor either immediately before or after Richman signed the contract. However, although there was an existing first mortgage, the mortgage was not addressed in the contract. Ambiguous, inconsistent financing terms were inserted; one clause provided for a purchase money mortgage and another provided for third-party financing. The trial court found that David had not agreed to a purchase money mortgage, but had only agreed to an all cash closing. The trial court further found that, in any event, Richman did not have sufficient funds to close on the date specified in the contract. The trial court denied Richman's complaint for specific performance based on the following conclusions:[1]
1. That the contract is ambiguous as to its financial provisions and cannot support a claim for specific performance.
2. That there was no meeting of the minds of the parties as to all the material elements of the contract and the disposition of the existing first mortgage.
3. That the Plaintiff, Richman, did not have the financial ability to close on November 1, 1979, as required by the contract and was not excused from having the funds to pay the purchase price on that date.
After further proceedings, David's motion for attorney's fees was also denied.
On appeal, the district court affirmed the denial of attorney's fees. The district court reasoned that "[t]he trial court's findings lead to the inescapable conclusion that no contract ever existed between the parties because `there was no meeting of the minds.'" 528 So.2d at 27. Because the *924 claim to attorney's fees was based solely on "a contract which was found to have never existed, no legal obligation was created between the parties, and an award of attorney's fees is precluded." Id.
Although the district court did not have the benefit of our recent decision in Gibson, its holding is consistent with that opinion. In Gibson, an offer to purchase real property was revoked prior to acceptance. In that case, we held that where a motion for attorney's fees is based on a prevailing-party provision of a document, the fact that a contract never existed precludes an award of attorney's fees. We rejected the argument that the principle of estoppel mandates a different result, emphasizing that "[t]he fact that no contract was formed is dispositive." Gibson, 539 So.2d at 460.
Citing to the Third District Court's decision in Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983), David maintains that the contract at issue is merely unenforceable rather than nonexistent and therefore, an award of attorney's fees based thereon is proper. In Leitman, an award of attorney's fees based upon a prevailing-party provision in a deposit receipt form was reversed because the court determined that no contract had ever existed. The district court went on to distinguish between such a situation and one in which a valid contract is merely found to be unenforceable, concluding that attorney's fees are recoverable in the latter situation. Recently, in Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla. 1989), this Court recognized this distinction, and held that when litigation ensues in connection with a validly formed contract, attorney's fees may be recovered under a prevailing-party provision of the contract even though the contract has been rescinded or held to be unenforceable.
In this case, a contract between Richman and David was never formed because there was no mutual assent as to essential terms of the contract. As was noted in Gibson, 539 So.2d at 460, "[m]utual assent is an absolute condition precedent to the formation of the contract. Absent mutual assent, neither the contract nor any of its provisions come into existence." While a "meeting of the minds" may not be necessary as to every term for a contract to be formed, mutual assent is certainly necessary as to an essential term such as the financing terms of this real estate transaction. See Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404, 408 (Fla. 1974) ("Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them."); Restatement (Second) of Contracts, § 33, comment a. (1981) ("Where the parties have intended to conclude a bargain, uncertainty as to incidental or collateral matters is seldom fatal to the existence of the contract. If the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract.").
The only material terms contained in the form contract at the time it was signed by David were the names of the parties. The document was signed by Richman either immediately before or after the realtor had inserted terms which included the conflicting financing terms. Although the parties apparently agreed as to price, no agreement was ever reached in connection with the terms of financing. There is no objective basis upon which the court could imply a reasonable financing arrangement. There is no evidence of course of dealings between the parties and because of the diversity of financing arrangements which are utilized in real estate transactions there is no common practice in the community to which to look. Because an essential term of the contract which cannot be supplied by implication was not assented to, no contract was formed and none of its provisions became binding.
Further, there is no basis upon which to find the attorney's fees provision a separable, independent contract enforceable in and of itself. The provision expressly grants prevailing party attorney's fees "[i]n connection with any litigation ... *925 arising out of this Contract." (Emphasis added.) Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion.
KOGAN, J., dissents with an opinion.
BARKETT, Justice, dissenting.
I dissent for the same reasons expressed in my dissent in Gibson v. Courtois, 539 So.2d 459, 461 (Fla. 1989) (Barkett, J., dissenting).
KOGAN, Justice, dissenting.
In Gibson, we held that a clause awarding attorney's fees to a prevailing party was inoperative when the contract was found to be nonexistent because the offeror validly revoked it. Here, a contract to sell a townhouse was held invalid based on evidence that, although both parties had signed the agreement and agreed on a price, they had never assented to terms of financing.
This is a significant difference that I believe both distinguishes this case from Gibson and requires enforcement of the prevailing-party clause. At the very least, it establishes a basis for estopping either of these parties from denying the validity of the prevailing-party clause contained in a document they both knowingly and willingly signed.
In our recent decision in Katz v. Van Der Noord, 546 So.2d 1047 (Fla. 1989), we recognized a distinction between contracts that never existed and those that, for whatever reason, will not support equitable or legal relief. We stated that
when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist... . This analysis does no violence to our recent opinion in Gibson v. Courtois in which we held that the prevailing party is not entitled to collect attorney's fees under a provision in the document which would have formed the contract where the court finds that the contract never existed.
Id. at 1049 (emphasis in original). I believe the present case is controlled by Katz, not by Gibson.
This conclusion is fully consistent with modern contract theory. The trend in this century is away from the harsh common law "mirror image rule" that required both parties to agree to each and every term of the contract for it to be valid. In Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 302 So.2d 404, 409 (Fla. 1974), for instance, this Court stated:
The contract should not be held void for uncertainty unless there is no other way out. As was stated by Justice Cardozo in Heyman Cohen & Sons, Inc. v. M. Lurie Woolen Co., Inc., 232 N.Y. 112, 133 N.E. 370, 371, "Indefiniteness must reach the point where construction becomes futile."
Accord Fidelity & Deposit Co. v. Aultman, 58 Fla. 228, 50 So. 991 (1909). Moreover, in the sale of goods, the Uniform Commercial Code now recognizes that a contract does not fail for indefiniteness if the parties intended to form an agreement and there is a reasonably certain basis for giving an appropriate remedy. § 672.204(3), Fla. Stat. (1989).
Here, the parties clearly intended to form some type of agreement when they executed the documents in question, and there is a highly certain basis for making an award of attorney's fees. The parties knew or should have known that the prevailing-party clause was in the documents. I thus believe the parties now should be made to honor this portion of their agreement, if only based on an estoppel theory. Thus, I would quash the opinion below and *926 remand for a proper hearing on enforcement of the prevailing-party clause.
Finally, I would like to note that the result reached by the majority would not necessarily be the same if the prevailing-party clause had been phrased differently. The document before us states that attorney's fees can be awarded to a prevailing party for any litigation "arising out of this Contract" (emphasis added). The rationale suggested by the final paragraph of the majority's opinion thus would not apply if the document instead had used the words "arising out of this document." However, I find this to be a distinction without a difference and would enforce the prevailing-party clause anyway.
I respectfully dissent.
NOTES
[1] An earlier order of the trial court ordering specific performance was reversed in a prior appeal. David v. Richman, 446 So.2d 1140 (Fla. 3d DCA 1984).