752 So.2d 627 (1999)
Albert LEO and Barbara Leo, Appellants,
v.
Sheila MacLEOD, Appellee.
No. 98-04413.
District Court of Appeal of Florida, Second District.
December 29, 1999.
Rehearing Denied March 3, 2000.
*628 A. Wade James of A. Wade James, P.A., St. Petersburg, for Appellants.
Jawdet I. Rubaii and Jack F. White, III, of Jawdet I. Rubaii, P.A., Clearwater, for Appellee.
ALTENBERND, Judge.
Albert and Barbara Leo appeal a final order awarding attorneys' fees to Sheila MacLeod pursuant to the attorneys' fee clause in a standard contract for sale and purchase of residential real estate. We reverse because the trial court rescinded this contract due to a mutual mistake of material fact. When a party affirmatively seeks rescission of a voidable contract based upon mutual mistake and does not prove a breach of contract on the part of the other party, the claimant cannot also request attorneys' fees based on that contract. See David v. Richman, 568 So.2d 922 (Fla.1990).
In 1986, the Leos purchased a new home in a real estate development in Pinellas County. When this home was built, the contractor apparently decreased the size of the garage in order to accommodate the Leos' desire to have a larger interior room.[1] When they first moved into the home, the Leos parked their small car in the garage. After a short time, they partitioned the garage to add a bedroom for a teenage son.
The Leos decided to sell their home in 1996. They listed the home with a real estate agent. Mrs. MacLeod contracted to buy the home. An addendum to the standard real estate contract required the Leos to remove the partition to "restore the garage to a functional garage prior to closing."
The Leos removed the partition, and the parties closed on the contract.[2] When Mrs. MacLeod moved into the home, she discovered that her Buick Park Avenue automobile was longer than the garage. As a result, she initially sued the Leos alleging fraud and negligent misrepresentation. Discovery suggested that the simplest theory of the case from Mrs. Mac-Leod's perspective would be that neither party appreciated the fact that the garage was so short that it could not function as a garage for a full-sized automobile. As a result, Mrs. MacLeod amended her complaint to contain a count for declaratory relief and requested rescission on the theory of mutual mistake.
Mrs. MacLeod prevailed on a motion for summary judgment based only on the theory of mutual mistake. The trial court entered an order expressly determining that a mutual mistake of material fact had occurred and concluding that Mrs. MacLeod *629 was therefore entitled to rescission. The parties took the steps necessary to rescind the contract, and the trial court awarded Mrs. MacLeod damages to reimburse her expenses in connection with the rescinded contract. Neither party appealed these decisions. Thus, that judicial determination remains the unchallenged law in this case.
After the trial court rescinded the contract, it awarded Mrs. MacLeod more than $14,000 in attorneys' fees based on the attorneys' fees clause in the contract. The Leos appeal this order. Thus, the dispositive issue on appeal is whether a party can recover fees on a contract after successfully requesting the court to void the contract on the basis of mutual mistake.
There is no question that if the real estate contract existed and the inadequate length of the garage constituted a breach of that contract by the Leos, the law would allow Mrs. MacLeod to recover fees, even though she elected rescission as her remedy. See Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989). On the other hand, if a contract had been proposed by one party, but the other party had never accepted that offer, the mere proposal would not provide a basis for fees. See Gibson v. Courtois, 539 So.2d 459 (Fla.1989).
In David v. Richman, 568 So.2d 922 (Fla.1990), a prospective seller and buyer signed a real estate contract which included a provision for attorneys' fees, but which left blank all material portions of the agreement. These items were later inserted, but there were disputes over their interpretation and whether the parties actually agreed to the changes. The trial court determined there was no "meeting of the minds" as to all material elements of the contract and refused to enforce the contract. The trial court then denied a motion for attorneys' fees based upon the contract. The Third District and the Florida Supreme Court affirmed. See David, 568 So.2d at 922; David v. Richman, 528 So.2d 25 (Fla. 3d DCA 1988). See also Jordan v. Boisvert, 632 So.2d 254 (Fla. 1st DCA 1994) (holding that attorneys' fees could not be awarded to prevailing party based upon provision in real estate sale contract when trial court held contract was unenforceable due to insufficient description of property to be conveyed).
Mrs. MacLeod argues forcefully that David is distinguishable because a closing took place in this case. Because the purchase agreement was a fully executed contract and not an executory contract, she maintains that it is sufficient to support her award of fees.[3] While we agree that a contract was in existence for awhile, its mere existence at one point in time does not justify a recovery of fees pursuant to the contract once it has been voided without proof of any breach.
It is likely that the contract in David never came into existence; no enforceable contract arose from the parties' miscommunications. In this case, the contract was clearly sufficient to allow transfer of the home to Mrs. MacLeod. If she had not protested, she would still own the home. The agreement in this case is a voidable contract. Generally, "[w]here a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party." Restatement *630 (Second) of Contracts § 152 at 385 (1981). This difference, however, does not require a different outcome in this case than in David. "The effect of rescission is to render the contract abrogated and of no force and effect from the beginning." Borck v. Holewinski, 459 So.2d 405, 405 (Fla. 4th DCA 1984) (finding arbitration clause in contract unenforceable when contract rescinded due to mutual mistake).[4]
We do not know whether Mrs. MacLeod could have proven a breach of the contract. We know that she never alleged a breach. She opted to seek recission based on mutual mistake. Having prevailed on that theory, she has succeeded in abrogating the entire contract and is not entitled to receive fees under it.
Reversed and remanded.
PATTERSON, C.J., and THREADGILL, J., Concur.
NOTES
[1] The record on appeal does not include the facts surrounding the shortening of the garage in the original construction. The standard floor plan for this house would have included a two-car garage that was twenty feet long. Instead, the garage was built seventeen feet long. It is not clear whether the Leos understood that the garage was to be shortened in order to increase the size of an interior room.
[2] The record reflects that a home inspection was performed for Mrs. MacLeod prior to the closing, but apparently the inspector did not discover the short length of the garage.
[3] In Florida Medical Center, Inc. v. McCoy, 657 So.2d 1248 (Fla. 4th DCA 1995), the Fourth District compared Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989) with Gibson v. Courtois, 539 So.2d 459 (Fla.1989) and David v. Richman, 568 So.2d 922 (Fla.1990), and determined that the primary distinction was whether a contract ever "existed." However, we believe there is a distinction to be made between a contract that is rescinded based upon the breach of a party versus a contract voided on the grounds of mutual mistake. In the case of breach, the plaintiff is seeking a rescission in lieu of a damage award which would permit the recovery of fees. The only remedy available for mutual mistake is rescission or reformation.
[4] Indeed, it is unclear whether Mrs. MacLeod could recover attorneys' fees based upon the contract if she had been successful in rescinding the contract based upon fraud in the inducement or performance. In Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998), the Fourth District awarded attorneys' fees to a plaintiff based upon a provision in the real estate contract, even though the court rescinded the contract because the seller failed to disclose known latent defects. However, Kelly distinguished other cases which did not allow fees pursuant to a contract which had been rescinded because of fraud in the inducement. See Location 100, Inc. v. Gould S.E.L. Computer Sys., Inc., 517 So.2d 700 (Fla. 4th DCA 1987); Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981).