[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16554
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00059-RS-EMT

HIGH BID, LLC,
d.b.a. Roebuck Auctions,

                                                        Plaintiff-Appellant,

versus

KENNETH EVERETT,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 26, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant High Bid LLC, d.b.a. Roebuck Auctions ("Roebuck

Auctions"), appeals the district court's grant of summary judgment to Defendant-

Appellee Kenneth Everett.  After review, we affirm the district court's grant of summary judgment to Defendant Everett as well as the district court's order finding Everett was entitled to recover reasonable attorney's fees.

## I.  BACKGROUND

On December 1, 2011, Plaintiff Roebuck Auctions conducted an auction of 16 unfinished condominium units, fixtures, and building materials in Panama City Beach, Florida.  John Roebuck, the owner of Roebuck Auctions, served as the auctioneer.

Defendant Everett arrived at the auction site, completed his registration materials (which included signing certain documents), and received his bid card. Among the materials Everett signed was a bidder identification stub, which notified Everett that the auction company would charge a ten percent bidder's premium to the high bidder. The stub also stated that if the bidder defaulted on the agreement, the bidder would "agree to pay all legal fees and damages incurred by Auctioneer as a result of [bidder's] default."

The auction commenced, and Everett ultimately placed the high bid: $47,000 per condominium unit, for a total of $752,000, with an additional $75,200 for the bidder's premium of ten percent.  It is undisputed that despite placing the high bid, Everett never closed on his purchase of the condominium units, citing the units' legal and financial problems as the basis for his decision to cancel the

2

transaction.  Everett also failed to pay the ten percent bidder's premium, despite Roebuck Auctions's demand for payment.  This lawsuit is only about the payment of the bidder's premium on a sale of auctioned property that never closed.

## II.  PROCEDURAL HISTORY

### A.    Initial Proceedings

In February 2012, Plaintiff Roebuck Auctions sued Defendant Everett in Florida state court for breach of contract based on Everett's failure to pay the $75,200 bidder's premium.  Roebuck Auctions sought a judgment against Everett in the amount of $75,200, plus interest, costs, and reasonable attorney's fees.

Defendant Everett subsequently removed the action to federal district court and filed a motion to dismiss Roebuck Auctions's complaint.  In his motion to dismiss, Everett contended, inter alia, that Roebuck Auctions had not adequately stated a prima facie claim for relief because it had not alleged that it was a "licensed auction business," pursuant to Florida Statute § 468.385(7)(b), or that it was "otherwise exempt from licensure."

Roebuck Auctions then filed an amended complaint that addressed the grounds raised in Everett's motion to dismiss.  As relevant to the issues on appeal, the amended complaint alleged that John Roebuck, the owner and sole managing member of Roebuck Auctions, was a licensed auctioneer and real estate broker under Florida law.  The amended complaint contained no allegations addressing

3

Plaintiff Roebuck Auctions's licensure status.  As attachments to the amended complaint, Plaintiff Roebuck Auctions filed Internet printouts from an official State of Florida website showing John Roebuck's status as a licensed auctioneer and real estate broker.

In his answer to the amended complaint, Defendant Everett reasserted as his "Second Affirmative Defense" that Plaintiff Roebuck Auctions "ha[d] failed to state a cause of action upon which relief can be granted because it failed to allege that it was licensed to perform the auction at issue in the complaint."

## B.    Summary Judgment Proceedings

Following discovery, the parties filed cross motions for summary judgment. Defendant Everett contended that in light of the undisputed material facts, he was entitled to judgment as a matter of law on two grounds: (1) Plaintiff Roebuck Auctions was not a party to the document upon which it relied for its claim; and (2) even if Roebuck Auctions had standing to pursue its breach of contract claim, it could not collect a bidders' premium in this case because the owner of the auctioned property and Everett never entered into a valid and enforceable contract.

In its motion for summary judgment, Plaintiff Roebuck Auctions likewise contended that it was entitled to judgment as a matter of law based on Everett's undisputed placement of the high bid (after signing the Bidder Agreement and bid card that identified Roebuck Auctions as the auction company and hearing

4

pre-auction announcements about the auctions terms and conditions) and subsequent failure to pay the bidder's premium.

Roebuck Auctions's own motion for summary judgment then addressed Everett's asserted affirmative defenses and the grounds for summary judgment alleged in Everett's motion.  Specifically, Roebuck Auctions's motion addressed Everett's "Second Affirmative Defense," which was that Roebuck Auctions "failed to allege it was licensed to perform the auction at issue in the complaint." Roebuck Auctions argued John Roebuck being a licensed auctioneer was sufficient, as follows:

> It is undisputed that John Roebuck, the auctioneer who conducted the subject auction, was and is a duly licensed auctioneer pursuant to Chapter 468, Florida Statutes.  There is no legal requirement that Roebuck "register" his license to Roebuck Auctions in the manner of a real estate broker.  Chapter 468 provides that auctioneers be individuals—there is no way for a fictitious business entity to be a licensed auctioneer.
>
> The statute defines an "Auction Business" as a sole proprietorship or business entity that "employs auctioneers to conduct auctions."  FLA. STAT. §468.382(1).  Section 468.385(2)&(3), Florida Statutes, which sets forth the requirements for licensure, provides that no one may conduct an auction "unless he or she is licensed" and that one can't be licensed if "he or she" is under 18 years of age or has committed any prohibiting act or offense. In sum, a licensed auctioneer must be an individual.

Roebuck Auctions also filed a separate response to Everett's motion for summary judgment, but this response did not address the "Second Affirmative Defense."

5

In his response to Roebuck Auctions's motion for summary judgment, Everett noted that Roebuck Auctions did "not dispute that it [was] not a licensed auction business." Everett further noted that Florida law provides for three separate types of auction-related licenses—for auctioneers, apprentices, and auction businesses—and the law further requires that "[e]ach auction . . . be conducted under the auspices of a <u>licensed auction business</u>." Everett thus contended that Roebuck Auctions, "[h]aving failed to establish that it maintained the required license," was "precluded from recovering any monies" from him because "an unlicensed entity may not benefit as a result of its wrongdoing."

Roebuck Auctions did not reply, or request leave from the district court to file a reply, to Everett's response to its motion for summary judgment.[1]

The district court granted Everett's motion for summary judgment and denied Roebuck Auctions's motion for summary judgment. Summarizing the relevant statutes, the district court noted that Florida law separately defines "auctioneer" and "auction business" and requires both entities to be licensed: an auctioneer must be licensed in order to actually perform an auction, and the auction business under whose auspices the auction is held must also be licensed. In addition, under Florida Statute § 498.385(8), a license issued by the state "to an

---

[1]Pursuant to the Local Rules for the Northern District of Florida, "[n]o reply memoranda shall be filed absent a showing of good cause and upon leave of the court." N.D. Fla., Local Rule 7.1(C)(2).

auctioneer, apprentice, or auction business is not transferable." Thus, the district court concluded that in light of these relevant statutory provisions,

> [i]t is undisputed in this case that John Roebuck was a licensed auctioneer. However, it is also undisputed that High Bid, LLC, d/b/a Roebuck Auctions was not a licensed auction business. Plaintiff's argument that "Chapter 468 provides that auctioneers be individuals—there is no way for a fictitious business entity to be a licensed auctioneer" is true in that the business itself can't be the auctioneer—obviously an auctioneer must be a person. The statute, however, makes it clear that the business must be licensed for auctions to be conducted under its name by a licensed auctioneer. Because Plaintiff is unlicensed, it cannot benefit from its wrongdoing.

(citation omitted). In other words, the district court concluded that the agreement in the bidder identification stub that obliged Everett to pay the ten percent bidder's premium was unenforceable.[2] The district court then entered judgment in Defendant Everett's favor.

## C.    Roebuck Auctions's Motion for Reconsideration

Plaintiff Roebuck Auctions then filed a motion for reconsideration of the district court's judgment, pursuant to Federal Rule of Civil Procedure 59(e). Roebuck Auctions raised two grounds in support of its motion: first, that the district court did not give Roebuck Auctions notice and a reasonable time to respond prior to granting summary judgment in Everett's favor on an issue not

---

[2]On appeal, the parties do not dispute that the district court in effect found the agreement unenforceable due to Roebuck Auctions's failure to establish that it was a properly licensed auction business, despite the fact that the district court did not explicitly so state in its summary judgment order.

7

raised in Everett's motion for summary judgment, an issue "only addressed preemptively by Roebuck [Auctions] with less than complete knowledge of the true basis for Everett's contention."  Second, Roebuck Auctions admitted that it was not a licensed auction business, but argued that Florida Statute § 468.383(7) explicitly exempts auctions performed "as a part of the sale of real property by a real estate broker" from any auction licensure requirements.  Because John Roebuck was a licensed real estate broker, and the auction at issue here was for the sale of real property, Roebuck Auctions contended that it was not required to obtain an auction business license.

After Defendant Everett filed a response, and Roebuck Auctions (after obtaining permission from the district court) filed a reply, the district court denied Roebuck Auctions' Rule 59(e) motion for reconsideration.  The district court concluded that Roebuck Auctions bore the burden of negating Everett's affirmative defense of non-licensure, and that Roebuck Auctions had clearly attempted to do so in its motion for summary judgment.  However, Roebuck Auctions did not, at any time prior to filing its Rule 59(e) motion, argue that it was exempt from licensure; instead, Roebuck Auctions wrongly relied on John Roebuck's personal auctioneer license to attempt to negate Everett's affirmative defense.  The district court refused to provide Roebuck Auctions with a "second bite at the apple" when it could have raised its exemption argument during the summary judgment phase

8

but failed to do so.  Accordingly, the district court denied Roebuck Auctions's motion for reconsideration.

## D.    Attorney's Fees Proceedings

Following the entry of summary judgment in his favor, Defendant Everett moved for an award of attorney's fees, pursuant to Fla. Stat. § 57.105(7), contending that (1) the bidder identification stub that Everett signed provided that the auctioneer, Roebuck Auctions, was entitled to an award of attorney's fees in the event of a contractual breach; (2) Roebuck Auctions had sought to recover attorney's fees as part of its damages in this case; (3) Fla. Stat. § 57.105(7) permits one-sided contractual attorney's fee provisions to apply to both parties to the contract; and (4) Everett was therefore entitled to an award of reasonable attorney's fees.

Roebuck Auctions responded to Everett's motion by noting that in granting summary judgment to Everett, the district court effectively found the auction contract unenforceable due to Roebuck Auctions' non-licensure.  In light of the unenforceable auction contract, any provisions contained therein, including the provision providing for an award of attorney's fees, was likewise unenforceable.

The district court granted Everett's motion for attorney's fees, stating that although the auction contract was unenforceable due to Roebuck Auctions's

"failure to show that it was properly licensed to conduct the auction, Florida law states that an 'innocent party' can enforce the contract to recover attorneys' fees."

On January 24, 2013, Roebuck Auctions filed a notice of appeal from the district court's (1) order granting summary judgment to Everett; (2) order denying Roebuck Auctions's motion for reconsideration; and (3) order granting Everett entitlement to attorney's fees.

## III.  DISCUSSION

### A.    Summary Judgment & Motion for Reconsideration

We review a district court's grant of summary judgment de novo, applying the same legal standards that bound the district court.  Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law.  Id.; see also Fed. R. Civ. P. 56(a).

The Florida Department of Business and Professional Regulation and the Florida Board of Auctioneers enforce a comprehensive statutory scheme regulating auctions and providing for the licensure of auction businesses and auctioneers.  See Fla. Stat. §§ 468.381–468.399.  Under state law, "[n]o person shall auction or offer to auction any property in this state unless he or she is licensed," and "[n]o business shall auction or offer to auction any property in this state unless it is

licensed as an auction business." Id. § 468.385(2), (7)(b).  Certain auctions are exempt from the statutory requirements governing auctions and auctioneers, including "[a]uctions conducted as a part of the sale of real property by a real estate broker." Id. § 468.383(7).

Chapter 468 goes on to require that:

> [e]ach auction must be conducted by an auctioneer who has an active license or by an apprentice who has an active apprentice auctioneer license and who has received prior written sponsor consent. Each auction must be conducted under the auspices of a licensed auction business. Any auctioneer or apprentice auctioneer conducting an auction, and any auction business under whose auspices such auction is held, shall be responsible for determining that any auctioneer, apprentice, or auction business with whom they are associated in conducting such auction has an active Florida auctioneer, apprentice, or auction business license.

Id. § 468.388(4) (emphasis added).  An "auction business" is defined as "a sole proprietorship, partnership, or corporation which in the regular course of business arranges, manages, sponsors, advertises, promotes, or carries out auctions, employs auctioneers to conduct auctions in its facilities, or uses or allows the use of its facilities for auctions." Id. § 468.382(1).  An "auctioneer" is defined as "any person licensed pursuant to this part who holds a valid Florida auctioneer license." Id. § 468.382(2).  Additionally, "[a] license issued by the department to an auctioneer, apprentice, or auction business is not transferable." Id. § 468.385(8).  Thus, the Florida statutory scheme governing auctions requires (1) separate, non-transferable licenses for auctioneers and auction businesses, and (2) that

auctions be conducted by a licensed auctioneer "under the auspices" of a licensed auction business.

Here, we conclude, as did the district court, that Defendant Everett was entitled to summary judgment on the ground that Plaintiff Roebuck Auctions was not a licensed auction business, thus rendering the agreement to pay the bidder's premium unenforceable. To the extent that Roebuck Auctions contends that it was not given fair notice, pursuant to Federal Rule of Civil Procedure 56(f), of the district court's intention to grant summary judgment on this ground, we find this argument lacks merit. Defendant Everett, in his motion to dismiss and amended answer, raised as an affirmative defense the fact that Roebuck Auctions was not a licensed auction business. In its own motion for summary judgment, Plaintiff Roebuck Auctions responded to this affirmative defense and attempted to negate it by relying on John Roebuck's personal status as a licensed auctioneer. In light of the non-transferability of auctioneer licenses and the statutory requirement that "[e]ach auction . . . be conducted under the auspices of a licensed auction business," however, Roebuck Auctions clearly failed to negate Everett's affirmative defense. Fla. Stat. §§ 468.385(8), 468.388(4).

Further, in response to Roebuck Auctions's motion for summary judgment, Everett reasserted his affirmative defense, and Roebuck Auctions, rather than seeking leave of court to file a reply (as permitted by the Local Rules) maintained

its reliance on John Roebuck's personal auctioneer license as sufficient to negate Everett's affirmative defense.  Thus, Roebuck Auctions was on notice of this affirmative defense raised by Everett and had an opportunity to respond to this defense, despite the fact that its response was ultimately insufficient to carry the day.

Nor was the district court required to grant  Roebuck Auctions' motion for reconsideration.  For the first time, Roebuck Auctions's motion raised the argument that it was exempt from the auction business license requirement because the auction was conducted "as a part of the sale of real property by a real estate broker."  Fla. Stat. § 468.383(7).  We review a district court's denial of a motion for reconsideration only for an abuse of discretion, and the law in this Circuit is well-settled that a "motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted).  "This prohibition includes new arguments that were previously available, but not pressed."  Id.  (internal quotation marks omitted).  Roebuck Auctions has not identified any reason why it failed to raise the issue of the statutory exemption prior to the entry of judgment in Everett's favor, and the district court did not abuse its discretion in refusing to permit Roebuck Auctions to relitigate, with new argument, the issue on which summary

13

judgment was granted.  See id. ("Denial of a motion to amend is especially soundly exercised when a party gives no reason for not previously raising an issue." (internal quotation marks omitted)).

## B.    Defendant Everett's Entitlement to Attorney's Fees

We review de novo a district court's interpretation of state law governing entitlement to attorney's fees.  Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003).  In addition, we review the district court's ultimate decision to grant or deny attorney's fees for an abuse of discretion.  Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1318–19 (11th Cir. 2001) (reviewing an award of attorney's fees under Florida law in a diversity suit).

Under Florida law, absent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorney's fees.  Dade County v. Pena, 664 So. 2d 959, 960 (Fla. 1995) ("[A]ttorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties.").  Here, the language of the bidder identification stub obligated the bidder, Everett, to pay Roebuck Auctions's legal fees in the event that Everett breached the auction contract.  Florida law permits such one-sided contractual attorney's fee provisions to be applied reciprocally: "[i]f a contract contains a provision allowing attorney's fees to a party when [it] is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party

14

prevails in any action . . . with respect to the contract." Fla. Stat. § 57.105(7).  The parties do not contest that the "legal fees" provision in the bidder identification stub falls generally within this statutory language that permits reciprocal recovery, such that Everett could use the provision to obtain an award of attorney's fees.

Roebuck Auctions contends, however, that although Everett was a prevailing party in the underlying suit (inasmuch as he successfully defended against Roebuck Auctions's suit on the basis of the identification stub's unenforceability), he is not entitled to recover attorney's fees precisely because of the stub's unenforceability.  Roebuck Auctions objects to Everett's attempt to, in effect, have his cake and eat it too.

"[F]or the purpose of determining whether an award of attorney's fees is proper under a contract's prevailing party fee provision, 'there is a difference between contracts that never came into existence and contracts that exist but are later found to be unenforceable.' " Tarr v. Honea, 959 So. 2d 780, 781 (Fla. 4th DCA 2007) (quoting Fabing v. Eaton, 941 So. 2d 415, 418 (Fla. 2d DCA 2006)).  "[W]here a motion for attorney's fees is based on a prevailing-party provision of a document, the fact that a contract never existed precludes an award of attorney's fees." David v. Richman, 568 So. 2d 922, 924 (Fla. 1990).  However, "when litigation ensues in connection with a validly formed contract, attorney's fees may be recovered under a prevailing-party provision of the contract even though the

15

contract has been rescinded or held to be unenforceable." Id.  Thus, the question before us is whether the auction "contract" (i.e., as memorialized in the bidder identification stub) at issue (1) never came into existence due to Roebuck Auctions's non-licensure, or (2) whether the "contract" was merely unenforceable due to Roebuck Auctions's non-licensure.

Although Roebuck Auctions's status as an unlicensed auction business prevented it from enforcing the terms of the bidder identification stub, this does not per se mean that there was no "meeting of the minds" with respect to the formation of a contract.  To the contrary, the record reflects that Defendant Everett and Roebuck Auctions did enter into a contract, based on Roebuck Auctions conducting the auction and Everett placing the high bid after signing the bidder identification stub.  Their contract's ultimate unenforceability does not alter the fact that a contract was formed between the parties.  See Katz v. Van Der Noord, 546 So. 2d 1047, 1049 (Fla. 1989) ("When parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable.  The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist.").

16

In addition, this case is readily distinguishable from those cases in which Florida courts have concluded that the parties never entered into a contract ex ante, such as in the event of a rescinded offer prior to acceptance, mutual mistake, or a contract governing illegal subject matter that was void under state law.  See, e.g., Gibson v. Courtois, 539 So. 2d 459, 460 (Fla. 1989) (where offeror revoked offer prior to acceptance, "no contract came into existence and no legal obligations attached. . . . Absent mutual assent, neither the contract nor any of its provisions [including an attorney's fees provision] come into existence."); Carnival Leisure Indus. Ltd. v. Arviv, 655 So. 2d 177, 180 (Fla. 3d DCA 1995) (where a state statute rendered "void and of no effect" contracts governing the repayment of money lent for the purpose of being wagered, the statute likewise "invalidate[d] the nonseverable provision for attorney's fees.").

Given Florida law in this area, we conclude that Roebuck Auctions has not shown that the district court erred in granting Everett entitlement to reasonable attorney's fees.

## IV.  CONCLUSION

In sum, we affirm the district court's orders (1) granting summary judgment to Defendant Everett, and (2) finding Everett was entitled to reasonable attorney's fees.

**AFFIRMED.**

17